# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

| | |
|---|---|
| **Galois, Inc.,**<br>421 SW 6th Ave. #300<br>Portland, OR 97204<br><br>   Plaintiff,<br><br>  v.<br><br>**SP Global, Inc.,**<br>14800 Conference Center Drive<br>Suite 300<br>Chantilly, VA 20151<br><br>  Serve on:<br>  Dan B. Tolley<br>  Registered Agent<br>  16545 Chestnut Overlook Drive<br>  Purcellville, VA 20132<br><br>**Dan Tolley,**<br>16545 Chestnut Overlook Drive<br>Purcellville, VA 20132<br><br>and<br><br>**Tom Burns,**<br>7117 Hampstead Drive<br>Crozet VA, 22932<br><br>   Defendants. | Civil Action No. 22-cv-166 |

## COMPLAINT AND DEMAND FOR JURY TRIAL

  Plaintiff Galois, Inc. ("Galois") for its complaint against Defendants SP Global, Inc., Dan Tolley, and Tom Burns alleges as follows:

## PARTIES

  1. Galois is an Oregon corporation with its principal place of business at 421 SW

Sixth Avenue, Suite 300; Portland, Oregon 97204.

2. Defendant, SP Global, Inc. ("SP Global"), is a corporation with a principal place of business located at 14800 Conference Center Drive, Suite 300 Chantilly, VA 20151.

3. Upon information and belief, Dan Tolley is a resident of Virginia, and is an adult individual residing at 16545 Chestnut Overlook Drive, Purcellville, VA 20132.

4. Defendant Dan Tolley operates as President and Chief Technology Officer of SP Global, Inc. Mr. Tolley also served as the Vice President and Treasurer at SPG Institute, Inc. ("SPG Institute").

5. Upon information and belief, Tom Burns is a resident of Virginia, and is an adult individual residing at 8849 Brown Thrasher Ct., Gainesville, VA 20155 or 7117 Hampstead Dr. Crozet VA, 22932.

6. Defendant Tom Burns is the CEO of SP Global Inc and the President of SPG Institute.

## JURISDICTION AND VENUE

7. Jurisdiction in the United States District Court is authorized pursuant to o as the amount in controversy exceeds $75,000 and is between citizens of different states.

8. Venue is appropriate in the United State District Court for the Eastern District of Virginia pursuant to 28 U.S.C. § 1391(b)(1) because all defendants are citizens of the Commonwealth of Virginia.

## ALLEGATIONS APPLICABLE TO ALL CLAIMS

A. **Relationship between Defendants: SPG Institute is a purported non-profit that is under the control of SP Global, Dan Tolley, and Tom Burns.**

9. SPG Institute is a registered 501(c)(3) organization.

10. Upon information and belief, around February 2019, the United States Air Force

awarded SPG Institute a $195 million contract to design, develop, and provide technical support associated with cloud-based technology in support of artificial intelligence advancement sought by the United States Air Force on a platform called the ARCNet Consortium.

11. SPG Institute subcontracted with numerous businesses as part of the ARCNet program, including Galois. Specifically, SPG Institute and Galois entered into a Cooperative Agreement Subaward (the "Agreement") on July 21, 2020.

12. SPG Institute is owned by and controlled by SP Global, Dan Tolley, and Tom Burns.

13. According to SPG Institute's IRS Form 990, in 2019, SPG Institute paid Mr. Tolley $345,000 of reportable income.

14. SPG Institute has failed to file IRS Form 990 for the 2020 or 2021 tax years.

15. When Galois asked SPG Institute about the status of past due invoices, an employee of SPG Institute responded that "all payments are handled by corporate, but I will forward this email to Dan Tolley the President of SP Global, Inc as he would be the individual who would be in the best position to answer."

16. Dan Tolley responded to this email thread from his SP Global email address (Dan.Tolley@spglobalinc.com) with a signature block reading:

> Dr. Dan B. Tolley
> President, SP Global, Inc.
> 1400 Conference Center Dr., Suite 300
> Chantilly, VA 20151
> 703-346-5291

17. On October 9, 2020, Ms. Gross, an SPG Institute employee, stated that "corporate has not yet determined if all future payments will be made via ACH."

18. On October 20, 2020, Ms. Gross informs Galois that "they are wiring your

payments." Galois understood "they" to mean "corporate."

19. Upon information and belief, SP Global, Dan Tolley, and Tom Burns were controlling all of the payments on behalf of SPG Institute.

20. At one point, Mr. Tolley informs Galois that SP Global is "continuing to experience significant issues resolving our current accounting system issues. As such we are freezing that account and spending this week bringing in cash to cover all our needs, including ARCNet fees. That cash will arrive this week and be paid to you next week." In other words, SP Global and SPG Institute were planning on using other funds than those they received from the Air Force to pay SPG Institute subcontractors.

21. Tom Burns, the CEO of SP Global, informed the Air Force that "they are in the process of transferring funds" in order to make payments that SPG Institute owed to subcontractors "next week."

22. Upon information and belief, SP Global and SPG Institute's funds were co-mingled.

23. Upon information and belief, SPG Institute was purportedly operated for non-profit purposes and received at least $11 million in federal funds from the Air Force.

24. SPG Institute owes millions of dollars to numerous contractors.

25. Upon information and belief, SPG Institute and/or SP Global paid some of its sub-contractors (not Galois), but at some point in time began using the Air Force funds for other purposes, including paying SP Global's debts, salaries, and obligations. Over time, Tolley caused and allowed SPG Institute to transfer millions of dollars in federal funds into SP Global accounts and used that money to benefit themselves, not the federal government or the subcontractors.

**B.     Galois contracts with SPG Institute and fully performs under the Agreement.**

26.     As alleged above, SPG Institute and Galois entered into the "Agreement" on July 21, 2020.

27.     Under the Agreement, Galois was to "perform and deliver a physical design of their MicroElectronics Challenge project" (the "Deliverables").

28.     The Agreement provided that SPG Institute would pay Galois $1,789,605.57 in total for the work performed.

29.     Galois invoiced SPG Institute monthly for actual costs incurred.

30.     SPG Institute agreed to pay invoices within 15 days from the receipt of the invoice.

31.     Galois submitted the following invoices to SPG Institute:

| Invoice No. | Date | Amount | Bates No. |
|---|---|---|---|
| 144001 | 07/27/2020 | $376,027.23 | GAL_000103 |
| 144002 | 08/12/2020 | $346,202.29 | GAL_000104 |
| 144003 | 09/14/2020 | $518,061.59 | GAL_000105 |
| 144004 | 10/09/2020 | $427,873.80 | GAL_000106 |
| 144005 | 11/23/2020 | $121,440.66 | GAL_000107 |
| | *Total* | **$1,789,605.57** | |

32.     Galois fully performed under the Agreement, submitting all Deliverables as defined in the Agreement's Statement of Work.

33.     SPG Institute accepted the Deliverables and has never identified any deficiencies in Galois' Deliverables.

**C.     SPG Institute, SP Global, and Mr. Tolley continually promises that payment is on the way, but never pays Galois.**

34.     On September 15, 2020, SPG Institute informed Galois that it submitted the first two invoices to corporate for payment, confirmed Galois' address, and commented that "it's very strange that they [Galois] have not received the first check by now."

35. Based on information and belief, when SPG Institute referred to "corporate" it meant SP Global.

36. Galois never received any checks from SPG Institute or SP Global.

37. On September 30, 2020, SPG Institute's employee, Marcia Gross, promised to reach out "to corporate again" and wrote, "I truly do not know what is going on!"

38. Over a week later, Ms. Gross wrote to Galois that SP Global would be paying the outstanding invoices through ACH wire transfer.

39. When Galois checked in on the status of those payments one week later, SPG Institute responded that the request has again been sent to "corporate" and that Ms. Gross believed the payment would be wired, but corporate had not confirmed that. Ms. Gross said she was "so sorry."

40. Later that day, October 20, 2020, Dan Tolley told Galois that "Galois's invoice should be up to day and paid via wire by Friday."

41. Two weeks later, on Monday, November 2, 2020, Galois had not yet been paid. When Galois asked SPG Institute what was happening, Dan Tolley responded "please feel free to call me at the number below, or if you would prefer to schedule a meeting, I am available [at these times]."

42. After a few phone conversations between Galois employees and Dan Tolley in early November, Dan Tolley, on behalf of SPG Institute and/or SP Global offered to pay 18% APR due to the delays in payment. Dan Tolley again promised that the "wires [would be] wrapped up next week."

43. On November 13, 2020, Dan Tolley confirmed Galois' understanding and said, "Thanks for the fast response and for your willingness to work with us. I'll let you know as we

have updates. I don't expect any until Wednesday just to set expectations."

44. By December 1, 2020, Galois still had not been paid and asked Dan Tolley for an update. Receiving no response, Galois asked again for an update on December 3.

45. Dan Tolley responded on December 3, 2020, that "we plan to have wires to you on next Friday." On December 4, 2020, Dan Tolley clarified that "we are looking to pay [Galois] on Tuesday or Wednesday."

46. When Galois did not receive the funds again, it asked Dan Tolley for another update on December 15, 2020.

47. Mr. Tolley responded that SPG Institute and/or SP Global was having accounting system issues and that it would be transferring cash that "will arrive this week and be paid to you next week."

48. On January 6, 2021, Galois again asked about the status of the payments. Mr. Tolley did not respond.

**D.    Galois secured a judgment against SPG Institute, but SPG Institute has not satisfied the judgment.**

49. On June 16, 2021, an arbitrator issued a final arbitration award against SPG Institute in favor of Galois for the following amounts:

> **AWARD**
>
> The undersigned arbitrator awards damages as follows:
>
> A. The full amount of the unpaid amount to Galois: $1,789,605.57.
>
> B. Pre-judgment interest to Galois: $201,238.24
>
> C. Attorney fees and costs to Galois: $25,000.00
>
> Post-judgment interest shall accrue at 18% per annum from the date of this Award.
>
> Dated: June 16, 2021
>
> _____
> Robert M. Gippin, Arbitrator

50. The Court of Common Pleas in Montgomery County, Ohio confirmed the arbitration award on September 13, 2021.

51. SPG Institute has not satisfied the judgment against it by paying Galois any money owing.

52. Based on information and belief, including efforts from at least one party to garnish SPG Institute's bank accounts, SPG Institute does not have funds to satisfy Galois' judgment against it.

## CLAIMS FOR RELIEF

### Count 1: Unjust Enrichment

53. Galois adopts and incorporates by reference the factual allegations of the preceding paragraphs as if fully set forth herein.

54. Galois fully performed its work under the Agreement, delivering complete Deliverables that benefited SPG Institute, which SP Global, Dan Tolley, and Tom Burns used to obtain millions in continued funding from the Air Force.

55. Instead of paying Galois with the funding received from the Air Force, SP Global,

Dan Tolley, and Tom Burns retained the money and used it to unjustly enrich themselves.

## Count 2: Intentional Interference with Contractual Rights

56. Galois adopts and incorporates by reference the factual allegations of the preceding paragraphs as if fully set forth herein.

57. Galois had a valid contractual relationship with SPG Institute.

58. SP Global, Dan Tolley, and Tom Burns knew of the contractual relationship between Galois and SPG Institute.

59. SP Global, Dan Tolley, and Tom Burns intentionally interfered with the contractual relationship by withholding amounts owing from SPG Institute to Galois, thereby inducing or causing a breach of the contractual relationship.

60. The interference of SP Global, Dan Tolley, and Tom Burns caused injury to Galois.

61. SP Global, Dan Tolley, and Tom Burns acted willfully and wantonly, with actual malice towards Galois, and displayed such an utter disregard for Galois' rights as to warrant the imposition of punitive damages.

## Count 3: Fraud

62. Galois adopts and incorporates by reference the factual allegations of the preceding paragraphs as if fully set forth herein.

63. SP Global, Dan Tolley, and Tom Burns made false statements to Galois that SPG Institute was planning on paying Galois for the amounts owing. These false statements are set forth with particularity in paragraphs 13, 26-40.

64. The fact that SPG Institute was going to pay Galois for the amounts it owed is a material fact to the relationship between SPG Institute and Galois.

65. SP Global, Dan Tolley, and Tom Burns knew that the statements were false.

66. SP Global, Dan Tolley, and Tom Burns made the statements with the intention to mislead Galois into continuing to complete its work under the Agreement and to deter Galois from taking steps to collect amounts due or otherwise mitigate its losses.

67. Galois fully completed its work under the Agreement in reasonable reliance on the representations.

68. Galois' reliance on the representations caused Galois damage.

69. SP Global, Dan Tolley, and Tom Burns acted willfully and wantonly, with actual malice towards Galois, and displayed such an utter disregard for Galois' rights as to warrant the imposition of punitive damages.

### Count 4: Piercing the Corporate Veil/Alter Ego

70. Galois adopts and incorporates by reference the factual allegations of the preceding paragraphs as if fully set forth herein.

71. SP Global, Dan Tolley, and Tom Burns control SPG Institute.

72. SPG Institute was a mere instrumentality of SP Global, Dan Tolley, and Tom Burns.

73. SP Global and SPG Institute co-mingled funds, at the direction of SP Global, Dan Tolley, and Tom Burns.

74. SP Global, Dan Tolley, and Tom Burns siphoned funds from SPG Institute in lieu of paying SPG Institute's creditors.

75. SP Global, Dan Tolley, and Tom Burns used SPG Institute's earnings to inure to their own benefit.

76. SP Global, Dan Tolley, and Tom Burns wrongfully diverted SPG Institute's

receivables—specifically funds provided by the Air Force—to themselves.

77. SP Global, Dan Tolley, and Tom Burns misused the non-profit corporate status of SPG Institute to the detriment of third-parties, including Galois.

78. This Court should pierce SPG Institute's corporate veil and disregard its existence as a corporation.

### Count 5: Conversion

79. Galois adopts and incorporates by reference the factual allegations of the preceding paragraphs as if fully set forth herein.

80. SPG Institute had a specific bank account into which the Air Force deposited funds that were intended to pay Galois and other subcontractors for work performed under the contract between the Air Force and SPG Institute, including the Agreement between Galois and SPG Institute. Those funds were sufficiently segregated and identifiable.

81. SP Global, Dan Tolley, and Tom Burns converted those funds by transferring them to SP Global's account and using them for their own benefit.

82. Defendants' actions injured and damaged Galois.

83. SP Global, Dan Tolley, and Tom Burns acted willfully and wantonly, with actual malice towards Galois, and displayed such an utter disregard for Galois' rights as to warrant the imposition of punitive damages.

### **Jury Demand**

84. Galois demands trial by jury on all issues so triable.

### **Prayer for Relief**

Wherefore, Tenant respectfully ask this Court for:

    a. Damages in an amount to be proven at trial;

    b. To pierce the corporate veil of SPG Institute;

    c. An award of attorneys' fees and costs;

    d. An award of pre-judgment and post-judgment interest; and

    e. Such other legal and equitable relief as is just and proper.

Dated: February 16, 2022

Respectfully submitted,

By: /s/ *John K. Roche*
John K. Roche (VSB# 68594)
Perkins Coie LLP
700 13th St. N.W., Suite 800
Washington, D.C. 20005-3960
Telephone: 202-434-1627
Facsimile: 202-654-6211
JRoche@perkinscoie.com

Erick Haynie (*pro hac vice* application forthcoming)
Perkins Coie LLP
1120 NW Couch Street, 10th Floor
Portland, OR 97203
Telephone: (503) 727-2000
EHaynie@perkinscoie.com

Lindsey E. Dunn (*pro hac vice* application forthcoming)
Perkins Coie LLP
1900 16th Street, Suite 1400
Denver, CO 80202
Telephone: (303) 291-2300
LDunn@perkinscoie.com

**Attorneys for Plaintiff Galois, Inc.**