UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| **GALOIS, INC.**, | ) )  ) |
| Plaintiff, | ) )  Case No. 1:22-cv-00166 |
| v. | ) ) ) |
| **SP GLOBAL, INC., et al**. | ) ) |
| Defendants. | ) ) ) |

**DEFENDANTS' MOTION TO DISMISS**

Defendants SP Global, Inc. ("***SP Global***"), Dan Tolley, and Thomas D. Burns (collectively, the "***Defendants***"), by and through their undersigned counsel, respectfully move to dismiss the Complaint filed by Galois, Inc. ("***Galois***" or the "***Plaintiff***") pursuant to Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure.  In support of this Motion, Defendants state as follows:

**INTRODUCTION**

The Plaintiff obtained an arbitration award, confirmed by a state court judgment in Ohio, against SP Global Institute, Inc. ("***SPGI***" or "***SPG Institute***") for amounts due under a contract. Now, in this action, the Plaintiff seeks to recover against SP Global, which was not a party to the subject contract, and two officers in the respective entities, under a variety of tort claims.  In essence, the Plaintiff is trying to convert a contract claim (or judgment) into a tort claim against non-parties.

The Plaintiff fails to state a claim upon which relief may be granted on any of the various counts.  As is discussed in more detail below, for each of the counts, the Plaintiff fails to allege any facts, or sufficient facts, to satisfy each element of the cause of action.  The Complaint also

1

fails to satisfy the exacting pleading requirements of *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) or Fed. R. Civ. P. 9(b). Accordingly, the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## APPLICABLE LEGAL STANDARD

A defendant may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must include "enough ***facts*** to state a claim to relief that is plausible on its face." *See Twombly*, 550 U.S. at 555, 570 (emphasis added). To survive a Rule 12(b)(6) motion, a complaint must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true raise a right to relief above the speculative level. *See Twombly*, 550 U.S. at 555, 570. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). Indeed,

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556-57). Activity that is just as consistent with lawful behavior as wrongdoing does not show plausibility of entitlement to relief. *See id.* at 680. Moreover, mere conclusions "are not entitled to the assumption of truth." *Id*. at 679. To satisfy the federal pleading standard, a complaint must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*,

2

550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Indeed, the Court is not bound to accept as true plaintiffs' conclusory allegations. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.[1]

In addition to satisfying the pleading requirements enunciated in *Twombly*, *Iqbal* and their progeny, any claims that sound in fraud must also comply with the heightened pleading requirements set forth in Fed. R. Civ. P. 9(b). Rule 9(b) requires a party to state with "particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "In other words, Rule 9(b) asks that a plaintiff, alleging claims sounding in fraud, 'must, at a minimum, describe the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'" *In re Willis Towers Watson Plc Proxy Litig.*, 439 F. Supp. 3d 704, 710 (E.D. Va. 2020) (quoting *United States ex rel. Owens v. First Kuwaiti Gen'l Trading & Contracting Co.*, 612 F.3d 724, 731 (4th Cir. 2010)).

## FACTUAL BACKGROUND

On or about July 21, 2020, SPGI entered into Subaward Agreement 2019-S-19001 with Galois to develop portions of the Air Force Autonomy Research Network. Galois alleges that Mr. Tolley served as President and Chief Technology Officer of SP Global and Vice President and Treasurer of SPGI, and that Mr. Burns served as CEO of SP Global and President of SPGI.

---

[1] When a complaint fails to "possess enough heft to 'sho[w] that the pleader is entitled to relief,'" *Twombly*, 550 U.S. at 557, "'this basic deficiency should…be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Id.* at *558* (internal citations omitted). A court thus should insist upon specificity in pleading before allowing a potentially massive discovery to proceed. *Id*. *Twombly* thoughtfully highlights in footnote six that discovery is for finding "details" of a case, **not for trying to create a case**. *Id.* at 560 n.6 (emphasis added). Accordingly, it is critical at the pleading stage to require a heightened "plausibility standard," lest discovery abuse run unchecked. *Id.* at 559.

Complaint, ¶¶ 4, 6.  There is no allegation that Defendants are parties to the Subaward Contract or that they guaranteed payment under the Subaward Contract.

## ARGUMENT

### 1. The Complaint Fails to State a Claim for Unjust Enrichment (Count One).

A plaintiff asserting unjust enrichment must demonstrate the following three elements: (1) the plaintiff conferred a benefit on defendants; (2) defendants knew of the benefit and should reasonably have expected to repay the plaintiff; and (3) defendants retained the benefit without paying for its value.  *See Rosetta Stone Ltd. v. Google, Inc.*, 676 F.3d 144, 165–66 (4th Cir. 2012) (citing *Schmidt v. Household Finance Corp.,* 276 Va. 108, 661 S.E.2d 834, 838 (2008)).

Here, Galois fails to allege facts that satisfy the first element of a claim for unjust enrichment.  Galois has failed to allege any specific facts that SP Global, Tolley, or Burns received a benefit from Galois.  SPGI and Galois executed the Subaward Contract.  None of the Defendants signed the Subaward Contract.  None of the Defendants guaranteed SPGI's payment obligations under the Subaward Contract.  The Complaint does not contain any allegation that SP Global, or either individual defendant, received anything from Galois personally.[2]  Because SP Global, Tolley, and Burns never received anything from Galois, none of the Defendants can be unjustly enriched.  Accordingly, Galois has failed to state a claim for which relief may be granted.

### 2. The Complaint Fails to State a Claim for Conversion (Count Five).

Under Virginia law, the tort of conversion constitutes "any wrongful exercise or assumption of authority . . . over another's goods, depriving him of their possession; [and any] act of dominion wrongfully exerted over property in denial of the owner's right, or inconsistent with

---

[2] For some reason, Galois alleges (in paragraph 13) that "SPG Institute paid Mr. Tolley $345,000 of reportable income" in 2019.  This income has no relevance to the claims in the Complaint, all of which arise out of the Subaward Agreement from July 2020.

it." *United Leasing Corp. v. Thrift Ins. Corp.,* 247 Va. 299, 305, 440 S.E.2d 902, 905 (1994) (citing *Universal C.I.T. Credit Corp. v. Kaplan,* 198 Va. 67, 75, 92 S.E.2d 359, 365 (1956)). "Thus, to prevail on a claim for conversion, a plaintiff must prove by a preponderance of the evidence (i) the ownership or right to possession of the property at the time of the conversion and (ii) the defendant's conversion by the wrongful exercise of dominion or control over the plaintiff's property, depriving plaintiff of possession." *Rodin v. Am. Soc'y of Civ. Engineers*, No. 1:08CV454, 2009 WL 10730869, at *1 (E.D. Va. Mar. 9, 2009) (citing *Universal C.I.T.*, 198 Va. at 75).

The allegations in the Complaint, taken as true for purposes of this motion, do not satisfy either element for a claim of conversion. Galois does not allege that it had an ownership interest or right of possession in any funds received or held by SPGI. It alleges only that SPGI had a specific bank account into which the Air Force deposited funds "that were intended to pay Galois and other subcontractors for work performed under the contract between the Air Force and SPG Institute." Complaint, ¶ 80. Galois also alleges that "SPG Institute and/or SP Global paid some of its subcontractors." Complaint, ¶ 25. Galois does not allege, however, that it had an ownership or possessory interest in any specific funds. At most, Galois makes a vague allegation, without referring to any contractual provision or legal support, that the funds deposited by the Air Force "were intended to pay Galois and other subcontractors," some of which were paid. This conclusory allegation is not sufficient. As such, Galois failed to plead sufficiently the first element for a claim of conversion.

Galois also failed to plead facts sufficient to satisfy the second element for a claim of conversion. Because Galois does not allege that it had an ownership or possessory interest in any specific property, Galois does not allege that the Defendants wrongfully exercised dominion or

5

control over its property. Furthermore, because SP Global, Tolley, and Burns did not receive anything from Galois, it is impossible for any of the Defendants to have wrongfully exercised dominion or control over property belonging to Galois. Galois makes no attempt to allege specific facts showing that SP Global, Tolley, or Burns converted Galois' property. Thus, Galois has failed to state a claim for conversion.

        3.        **The Complaint Fails to State a Claim for Fraud (Count Three).**

"To establish a cause of action for actual fraud in Virginia, a plaintiff must prove, by clear and convincing evidence: (1) a false representation; (2) of a material fact; (3) made intentionally and knowingly; (4) with intent to mislead; (5) reliance by the party misled; and (6) resulting damage to the party misled." *Albanese v. WCI Communities, Inc.*, 530 F. Supp. 2d 752, 770 (E.D. Va. 2007) (citing *Cohn v. Knowledge Connections, Inc.,* 266 Va. 362, 585 S.E.2d 578, 581 (2003)). Additionally, "a fraud claim must be based on the misrepresentation of a past or present fact." *Id*. A plaintiff "cannot base a claim on unfulfilled promises or statements about future events." *Id*. (citations omitted). Essentially, "[a] promise to perform an act in the future is not, in a legal sense, a representation as that term is used in the fraud context." *Lissmann v. Hartford Fire Ins. Co*., 848 F.2d 50, 53 (4th Cir. 1988). Otherwise, "almost every breach of contract could be claimed to be a fraud." *Id*.

Galois does not satisfy each element of the cause of action. Initially, Galois fails to allege sufficiently any false statement. The allegations of false statements are contained in paragraph 63 of the Complaint, which states:

> SP Global, Dan Tolley, and Tom Burns made false statements to Galois that SPG institute was planning on paying Galois for the amounts owing. These false statements are set forth with particularity in paragraphs 13, 26-40.

Complaint, ¶ 63.  None of the referenced paragraphs contain specific allegations of false statements by any of the Defendants.  Paragraph 13 refers to Mr. Tolley's compensation in 2019, and is irrelevant.  Paragraphs 26 through 33 do not contain any allegations of any statements by anyone.  Paragraphs 34 through 39 do not reference any statements by any of the Defendants.[3]  There are references to statements by SPGI (¶¶ 34, 35) and by "SPG Institute's employee, Marcia Gross" (¶¶ 37-39).  Paragraph 40 contains an allegation that, on October 20, 2020, Dan Tolley told Galois that Galois' invoice "should be up to day and paid via wire by Friday."  An allegation regarding what "should" happen in the future is insufficient to state a claim for fraud as a plaintiff "cannot base a claim on unfulfilled promises or statements about future events."  *Albanese v. WCI Communities, Inc.*, 530 F. Supp. 2d at 770.[4]

Notably, Mr. Burns' name does not appear in the paragraphs upon which Galois relies.  Nor does Galois allege that either Mr. Burns, Mr. Tolley, or Ms. Gross were acting on behalf of SP Global and not SPGI.  Accordingly, Galois has failed to allege any false statement, and therefore has failed to allege an essential element for a claim for fraud.

    **4.    The Complaint Does Not State a Claim for Tortious Interference with Contract (Count Two).**

"To make a claim of tortious interference with contractual relations in Virginia a plaintiff must prove the following elements: '(1) the existence of a valid contractual relationship; (2)

---

[3] Galois makes allegations regarding statements by Mr. Burns and Mr. Tolley in paragraph 20 and 21 of the Complaint, but these allegations, to the extent that they have any relevant, lack the requisite particularity because they do not identify the date upon which the alleged statements were made.  *See In re Willis Towers*, 439 F. Supp. 3d at 710 (noting that Rule 9(b) requires plaintiff to describe the time, place and contents of alleged alse representations).

[4] Galois further alleges that it fully completed its work under the Agreement in reasonable reliance on the representations alleged in the Complaint.  Notably, the final invoice from Galois was dated November 23, 2020 (Complaint, ¶ 31), therefore Galois could not have relied on any representations made after that time.

knowledge of the relationship on the part of the interferor; (3) intentional interference inducing or causing a breach or termination of the relationship; and (4) resultant damage to the party whose relationship has been disrupted.'" *Com. Funding Corp. v. Worldwide Sec. Servs. Corp.*, 249 F.3d 204, 210 (4th Cir. 2001) (alterations omitted) (quoting *Chaves v. Johnson,* 230 Va. 112, 335 S.E.2d 97, 102 (1985)).

Although Galois had pled the existence of the Subaward Contract and Defendants' knowledge of the Subaward Contract, Galois has failed to plead the causation element of the cause of action. Galois alleges that it was not paid by SPGI for work that it performed under the Subaward Contract. Galois has not, however, sufficiently pled that the Defendants are personally responsible for the failure to pay. Galois presents only a conclusory statement that SP Global, Tolley, and Burns withheld amounts owing from SPGI to Galois. *See* Complaint, ¶ 59. Galois alleges that Tolley and Burns are officers in SPGI (Complaint, ¶¶ 4, 6) and fails to allege that they acted beyond the scope of their duties as officers. If this allegation were sufficient to state a claim for tortious interference with contract, every officer of a company that breached a contract would face potential liability in tort.

Galois also fails to allege how SP Global interfered with the Subaward Contract. Galois does not allege any specific act by SP Global, nor does it state through whom SP Global allegedly acted.

Accordingly, Galois had not alleged facts supporting that SP Global's conduct, or the conduct in a personal capacity by Mr. Tolley or Mr. Burns, was the cause of the loss alleged in the Complaint.

### 5. Piercing the Corporate Veil Is Not Warranted (Count Four).

As an initial matter, piercing the corporate veil is not an independent cause of action and serves only as "a means of imposing liability on an underlying cause of action." *Peacock v. Thomas*, 516 U.S. 349, 354, 116 S. Ct. 862, 866 (1996). Plaintiff's prayer for relief asserts this remedy by asking the Court "[t]o pierce the corporate veil of SPG Institute." Complaint, p. 12. As such, this cause of action may be dismissed.

To the extent that the Court considers the cause of action for piercing the corporate veil, Plaintiff has failed to allege facts sufficient to support this extraordinary relief. "At the outset, it is recognized that a corporation is an entity, separate and distinct from its officers and stockholders, and that its debts are not the individual indebtedness of its stockholders. This is expressed in the presumption that the corporation and its stockholders are separate and distinct." *DeWitt Truck Brokers, Inc. v. W. Ray Flemming Fruit Co.*, 540 F.2d 681, 683 (4th Cir. 1976). Accordingly, the power to pierce the corporate veil "is to be exercised **reluctantly** and **cautiously** and the burden of establishing a basis for the disregard of the corporate fiction rests on the party asserting such claim." *Id*. (emphasis added) (quotation and footnotes omitted). "The conclusion to disregard the corporate entity may not, however, rest on a single factor, whether undercapitalization, disregard of corporation's formalities, or what-not, but must involve a number of such factors; in addition, it must present an element of injustice or fundamental unfairness." *Id*. at 687.

Further, "[u]nder Virginia law, one who seeks to have a court disregard the corporate form must show not only that the corporation was the alter ego, alias, stooge, or dummy of the shareholder but that it was also a device or sham used to disguise wrongs, obscure fraud, or conceal crime." *U.S. for Use & Benefit of Skip Kirchdorfer, Inc. v. Aegis/Zublin Joint Venture*, 869 F. Supp. 387, 393 (E.D. Va. 1994) (quotation omitted). Under Virginia law, this alter ego theory

9

must be supported by a showing that: (1) the individual and the corporation were united by interest and ownership; and (2) the individual "used the corporation to evade a personal obligation, to perpetrate fraud or a crime, to commit an injustice, or to gain an unfair advantage." *Newport News Holdings Corp. v. Virtual City Vision, Inc.,* 650 F.3d 423, 434 (4th Cir.2011) (quoting *C.F. Trust, Inc. v. First Flight Ltd. P'ship,* 306 F.3d 126, 132 (4th Cir.2002) (internal quotations omitted)).

Galois alleges the following facts to support its contention that SPGI's corporate form should be disregarded: (1) SPGI was a façade for the operations of SP Global; (2) SP Global commingled funds with SPGI; and (3) SP Global, Tolley, and Burns siphoned funds from SPGI. *See* Complaint, ¶¶ 71-78. These allegations fall short of meeting Galois' burden under Virginia law. The conclusory statements that SP Global, Tolley, and Burns control SPGI are not sufficient to warrant piercing the corporate veil. The Complaint does not allege that Defendants were united by interest and ownership to SPGI. Galois fails to present adequate proof of SP Global's, Tolley's, or Burn's fraudulent intent and Galois has not established that the Defendants exercised "undue domination and control" over the corporation. *Perpetual Real Est. Servs., Inc. v. Michaelson Properties, Inc*., 974 F.2d 545, 548 (4th Cir. 1992). That Tolley and Burns were officers of SPGI is insufficient to support an alter ego theory that would justify setting aside the corporate status. *See Perpetual Real Estate Servs.,* 974 F.2d at 548 (stating that "proof that some person may dominate or control the corporation, or may treat it as a mere department, instrumentality, agency, etc. is not enough to pierce the [corporate] veil") (internal quotation omitted). Galois has failed to meet its burden.

## **CONCLUSION**

As the Complaint fails to state a claim upon which relief may be granted, the Complaint should be dismissed.

Dated: April 1, 2022                                Respectfully submitted,


/s/ J. David Folds
J. David Folds (VSB No. 44068)
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
901 K St NW Ste 900
Washington, DC 20001
dfolds@bakerdonelson.com
(202) 508-3441 (telephone)
(202) 220-2241 (facsimile)

*Counsel for SP Global, Inc., Dan Tolley and Thomas D. Burns*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 1st day of April, 2022, a true and exact copy of the foregoing **DEFENDANTS' MOTION TO DISMISS** was served on all parties registered to receive filings in this matter via CM/ECF and by email to the following:

John K. Roche (VSB# 68594)
Perkins Coie LLP
700 13th St. N.W., Suite 800
Washington, D.C. 20005-3960
JRoche@perkinscoie.com

Erick Haynie
Perkins Coie LLP
1120 NW Couch Street, 10th Floor
Portland, OR 97203
EHaynie@perkinscoie.com

Lindsey E. Dunn
Perkins Coie LLP
1900 16th Street, Suite 1400
Denver, CO 80202
LDunn@perkinscoie.com

/s/ J. David Folds
J. David Folds (VSB No. 44068)
Baker, Donelson, Bearman, Caldwell &
Berkowitz, PC
901 K St NW Ste 900
Washington, DC 20001
dfolds@bakerdonelson.com
(202) 508-3441 (telephone)
(202) 220-2241 (facsimile)

*Counsel for SP Global, Inc., Dan Tolley, and Thomas D. Burns*