# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

| | |
|---|---|
| Galois, Inc., <br><br>      Plaintiff, <br><br>v. <br><br>SP Global, Inc., et al., <br><br>      Defendants. | Civil Action No. 1:22-cv-00166 |

## OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

### INTRODUCTION

Defendants created a purported non-profit company, SPG Institute, to perform apparently for-profit contracts on behalf of the United States Air Force (the "Air Force"). SPG Institute received funds from the Air Force and then subcontracted with companies like Plaintiff Galois, Inc. to perform tasks on behalf of the Air Force. The Air Force paid SPG Institute at least $11 million, but SPG Institute did not pay Galois the almost $2 million Galois earned for completing its substantial work. As alleged in the Complaint, Defendants controlled SPG Institute's funds and co-mingled the SPG Institute funds with SP Global funds. Defendants repeatedly misrepresented to Galois (and the Air Force) that the payments were on the way or would arrive "next week," but Galois was never paid.

Prior to filing the instant action, Galois obtained a money judgment in Ohio against SPG Institute. But SPG Institute is judgment proof—even though the Air Force funds that were intended to pay SPG Institute's subcontractors have not been paid out to those subcontractors, including Galois. Galois brought this action to pierce the corporate veil between SPG Institute and Defendants to collect the improperly retained funds. Galois' Complaint contains well-

pleaded allegations sufficient to state veil piercing and other claims against Defendants, such that Defendants' motion to dismiss should be denied. Alternatively, should any pleading deficiencies be identified (Galois does not believe there are any), Galois should be granted leave to amend.

## FACTUAL BACKGROUND

Defendants formed SPG Institute, Inc. ("SPG Institute") as a non-profit corporation to act as a vehicle to administer a $195 million Air Force contract to design and develop cloud-based technology in support of artificial intelligence advancement. Compl. ¶¶ 9-10. Defendant SP Global, Inc. ("SP Global") is a for-profit corporate entity that is closely related to SPG Institute. *Id.* ¶¶ 2, 4, 6. Defendant Dan Tolley operates as the President and Chief Technology Officer of SP Global and served as the Vice President and Treasurer at SPG Institute. *Id.* ¶ 4. Defendant Tom Burns is the CEO of SP Global Inc and the President of SPG Institute. *Id.* ¶ 6.

SPG Institute subcontracted with several companies to perform various projects under the $195 million Air Force contract. *Id.* ¶ 11. Galois was one of SPG Institute's subcontractors. Galois contracted with SPG Institute to deliver a physical design for the "MicroElectronics Challenge project." *Id.* ¶¶ 26-27. SPG Institute agreed to pay Galois $1,789,605.57 for Galois' work. *Id.* ¶ 28. Galois performed the work and SPG Institute accepted it as a complete deliverable under the contract. *Id.* ¶¶ 32-33. But SPG Institute never paid Galois.

When Galois asked about the status of the payment, the Defendants repeatedly assured Galois that payment was forthcoming. *Id.* ¶¶ 34-48 (chronology of communications between SPG Institute, Defendants, and Galois detailing promises to pay). During the next four months Defendants repeatedly told Galois that it would receive payment "next week" or "by Friday" or "next Friday" or "on Tuesday or Wednesday." *Id.* ¶¶ 40, 42, 45, 47. Galois continued work on the project in reliance on the promise that payments were forthcoming. *Id.* ¶¶ 31, 34-43, 67. Even

after Galois had finished its work and submitted its final invoice, Defendants kept promising that payment was imminent. *Id.* ¶¶ 45, 47. Defendants promised that the "wires [would be] wrapped up next week" and offered to pay 18% APR on the amount owed due to the delays in the payment. *Id.* ¶ 42. In reliance on this and the continued promises of payment, Galois did not start arbitration proceedings against SPG Institute to collect the amounts owing or otherwise mitigate its losses. *Id.* ¶¶ 44-48, 49, 66.

During this period when Galois was trying to get straight answers from Defendants and SPG Institute about when it would get paid, it learned that Defendants controlled SPG Institute, had co-mingled the two corporate entities' funds, and that SPG Institute was undercapitalized to the point that it could not cover its debts. An SPG Institute employee told Galois that "all payments are handled by corporate, but I will forward this email to Dan Tolley *the President of SP Global, Inc[.]* as he would be the individual who would be in the best position to answer." *Id.* ¶ 15. And indeed, Defendant Dan Tolley responded to Galois' inquiries with his SP Global email address—Dan.Tolley@spglobalinc.com—and his signature block identifying himself as the President of SP Global, Inc. *Id.* ¶ 16.

Both Mr. Tolley and Mr. Burns told Galois and the Air Force that Defendants were having to "transfer funds" to pay SPG Institute's debts. *Id.* ¶¶ 20-21. Mr. Tolley told Galois that SP Global is "continuing to experience significant issues resolving our current accounting system issues" and is "bringing in cash to cover all our needs, including [the subcontractor payments]. That cash will arrive this week and be paid to you next week." *Id.* ¶ 20. When the Air Force inquired about the missing subcontractor payments, Mr. Burns told the Air Force representative that SP Global is "in the process of transferring funds" in order to make payments to the subcontractors. *Id.* ¶ 21. In other words, Defendants were planning on using other funds than

those they received from the Air Force to pay SPG Institute subcontractors. *Id.* ¶¶ 20-21.

Galois obtained a final arbitration award against SPG Institute in its favor for the full amount of the contract, pre- and post-judgment interest, and attorneys' fees. *Id.* ¶ 49. Despite having received funds from the Air Force to pay its subcontractors, SPG Institute does not have funds to satisfy Galois' judgment against it. *Id.* ¶ 52.

Galois brings this suit against Defendants that controlled SPG Institute and oversaw the co-mingling of corporate funds in order to reach the funds that Defendants have attempted to bury behind layers of corporate formalities.

## LEGAL STANDARD

Defendants contend that Galois' claims should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. *See* Defendants' Motion to Dismiss ("Mot.") at 1. In evaluating a 12(b)(6) motion, the Court "accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). Ultimately, a complaint must contain sufficient factual matter to state a claim that is "plausible on its face." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Satisfying this 'context-specific' test does not require 'detailed factual allegations.'" *Id.* at 256 (quoting *Iqbal*, 556 U.S. at 678-79). "The complaint must, however, plead sufficient facts to allow a court, drawing on 'judicial experience and common sense,' to infer 'more than the mere possibility of misconduct.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679).

# ARGUMENT

**A. Galois alleges facts sufficient to maintain a claim to pierce the corporate veil because Defendants controlled and co-mingled SPG Institute's funds in order to keep the funds that the Air Force paid to SPG Institute for the work that Galois performed.**

Defendants argue that Galois' claim for piercing the corporate veil/alter ego liability should be dismissed because (1) it is not a separate cause of action and (2) Galois has not sufficiently pled facts to support the claim. Neither argument supports dismissing Galois' claim for piercing the corporate veil/alter ego liability.

First, courts frequently treat piercing the corporate veil/alter ego claims as "claims" for the purposes of analyzing the factual assertions in motions to dismiss.[1] Galois' factual allegations of Defendants' corporate improprieties should not be dismissed based on an unevenly applied and formulistic distinction between a cause of action and a remedy. *See North Carolina v. McGuirt*, 114 Fed. Appx. 555, 569 (4th Cir. 2004) ("[O]ne of the policies of the Federal Rules of Civil Procedure [is] facilitating a decision on the merits rather than on pleading technicalities."). But even assuming Defendants are correct that "piercing the corporate veil is not an independent cause of action," but a remedy, Mot. at 9, then Galois' allegations that the corporate veil should be pierced are not the proper subject of a motion to dismiss. Rule 12(b)(6) allows the dismissal of claims, not remedies. *See Quinn v. Knight*, No. 3:16-cv-610, 2016 WL 6471462, at *4 (E.D. Va. Nov. 1, 2016); *accord Sport of Bus., LLC v. Sarah Beth Yoga, LLC*,

---

[1] *See, e.g.*, *Bennett v. Garner*, 913 F.3d 436, 443 (4th Cir. 2019) (discussing time at which "alter-ego claim" accrued); *Campbell v. Cathcart*, 435 F. App'x 237, 239 (4th Cir. 2011) (discussing trial court's ruling on "the non-jury claims for piercing the corporate veil and alter ego"); *Mulugeta v. Ademachew*, 407 F. Supp. 3d 569, 593 (E.D. Va. 2019) (listing test for "alter ego liability claim"); *Pettus v. Servicing Co.*, No. 3:15CV479-HEH, 2015 WL 9255331, at *3 (E.D. Va. Dec. 17, 2015) (listing elements for "a plausible claim for piercing the corporate veil"); *Dimuroginsberg, P.C. v. VLOX, LLC*, No. 1:18-cv-1046-AJT-TCB, 2019 WL 8161572, at *5 (E.D. Va. Feb. 11, 2019) (testing "sufficiency of the corporate veil-piercing claim").

No. 7:21-cv-00142, 2022 WL 848066, at *5 (W.D. Va. Mar. 21, 2022) (denying motion to dismiss plaintiff's "requested remedy to pierce the corporate veil").

Second, Galois has alleged facts that, taken as true, show that Defendants exercised control over SPG Institute to pocket the money that Galois had earned, which is sufficient to support Galois' claim for relief.

The veil-piercing analysis is governed by the law of the subject's state of incorporation. *United States v. Kolon Indus., Inc.*, 926 F. Supp. 2d 794, 815 (E.D. Va. 2013). Both SPG Institute and SP Global are Virginia corporations. Virginia has a two-part test for piercing the corporate veil: the plaintiff must show (1) "unity of interest and ownership is such that the separate personalities of the corporation and the individual no longer exist" and (2) the corporate form was a device or sham used to disguise wrongs, obscure fraud, or conceal crime. *O'Hazza v. Exec. Credit Corp.*, 431 S.E.2d 318, 320–21 (Va. 1993). A number of factors can be used to show the "unity of interest" between the Defendants and SPG Institute, including:

1) comingling of personal and corporate funds;
2) siphoning business assets into personal pockets;
3) undercapitalization of the business; and
4) whether business formalities were observed.

*C.F. Tr. Inc. v. First Flight Ltd. P'ship*, 140 F.Supp.2d 628, 642 (E.D.Va.2001) (collecting cases), *as amended* (Apr. 26, 2001), *aff'd*, 338 F.3d 316 (4th Cir. 2003).

Galois' Complaint plausibly alleges how Defendants exercised control over SPG Institute. In short, the Air Force paid SPG Institute enough money for SPG Institute to pay its subcontractors, including Galois, but at some point SPG Institute's funds were co-mingled with Defendants' funds and Defendants refused to pay Galois for the work it performed. Galois has alleged Defendants' control of co-mingled funds and even particular facts demonstrating this occurrence. For example, SPG Institute employees told Galois that all of SPG Institute's

"payments are handled by corporate" and that "Dan Tolley[,] the President of SP Global, Inc.[,] would be the individual who would be in the best position to answer." Compl. ¶ 15. The SPG Institute employee said that "corporate" controlled the payments and would determine if the payments would be made by wire transfer. *Id.* ¶ 17. Indeed, Mr. Tolley responded to this email from his SP Global email address (Dan.Tolley@spglobalinc.com) containing his signature block from SP Global. *Id.* ¶ 16. Mr. Tolley, from his SP Global email, said that SP Global is "continuing to experience significant issues resolving our current accounting system issues. As such we are freezing that account and spending this week bringing in cash to cover all our needs, including ARCNet fees. That cash will arrive this week and be paid to you next week." *Id.* ¶ 20. Similarly, Mr. Burns told the Air Force that SP Global was "in the process of transferring funds" in order to make payments that SPG Institute owed to various subcontractors. *Id.* ¶ 21.

Galois' factual allegations show that Defendants were in control of cash that was intended to be used to pay SPG Institute's debts, effectively co-mingling the funds of Defendants and SPG Institute. *Id.* ¶ 22. The Complaint's allegations further show the controlling role of Defendants in SPG Institute's affairs, including communicating directly with the parties that SPG contracted with (both the Air Force and subcontractors). These allegations are more than sufficient to allow Galois' claim for piercing the corporate veil/alter ego to go proceed against Defendants at the motion to dismiss stage.

**B.** **Plaintiff's Complaint presents a claim for unjust enrichment by alleging that Defendants received millions of dollars from the Air Force and unjustly enriched themselves by keeping it instead of paying SPG Institute's subcontractors.**

For its unjust enrichment claim, Galois plausibly alleges that Defendants kept the millions of dollars they received from the Air Force as a result of Galois' work. Compl. ¶¶ 25, 55. But Defendants argue that Galois failed to allege that Defendants "received a benefit

from Galois" because the Defendants did not "receive[] anything from Galois personally." Mot. at 4.

Defendants' argument is contrary to Virginia law. To establish a claim for unjust enrichment, "the plaintiff need not *directly* confer the benefit upon the defendant." *Borg v. Warren*, 545 F. Supp. 3d 291, 328 (E.D. Va. 2021) (emphasis in original). Indeed, Virginia courts have found allegations that defendants "owned and operate companies that received a substantial portion of the revenues" sufficient to state a claim for unjust enrichment. *Hengle v. Asner*, 433 F. Supp. 3d 825, 896 (E.D. Va. 2020), *aff'd sub nom. Hengle v. Treppa*, 19 F.4th 324 (4th Cir. 2021), *petition for cert. docketed*, No. 21-1132 (Feb. 16, 2022).

To the extent Defendants are arguing that a factual question exists of whether they actually received a benefit, that argument is not well taken. A motion to dismiss is not the proper vehicle to resolve disputed issues of fact. *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003) ("the court must take all disputed facts and reasonable inferences in favor of the plaintiff" when deciding the motion to dismiss).

Here, Galois has alleged that Defendants were unjustly enriched because they received and kept for themselves the Air Force funds that were intended to pay Galois for the work that Galois performed. Compl. ¶¶ 25, 55. These allegations are sufficient to plead a claim for unjust enrichment and the motion to dismiss Plaintiff's unjust enrichment claim should be denied.

**C.   As to its conversion claim, Galois has sufficiently pled its possessory interest in the money that Defendants converted from the Air Force payment to which Galois had a contractual right.**

Defendants move to dismiss Galois' claim for conversion, arguing that Galois has not shown an "ownership interest or right of possession in any funds received or held by [SPG Institute]." Mot. at 5. Defendants set forth the elements of conversion and claim that Plaintiff

must show "by a preponderance of the evidence" its ownership right. *Id.* at 6. This is not the standard under which a motion to dismiss is evaluated. Plaintiffs must simply allege sufficient facts to state a claim that is "plausible on its face" when those facts are taken as true. *Nemet Chevrolet, Ltd.*, 591 F.3d at 255. Galois has sufficiently alleged that it has a legal, contractual right to the funds that the Air Force paid to SPG Institute and that Defendants have wrongfully retained possession of those funds.

Galois has alleged that (1) there is a judgment against SPG Institute confirming that Galois had a contractual right to the funds, Compl. ¶¶ 49-51, and (2) SPG Institute and Defendants acknowledged on multiple occasions that SPG Institute owed Galois the amount of the contract, *id.* ¶¶ 34-47. SPG Institute received the funds from the Air Force and Defendants controlled the funds and directed the funds into their possession. *Id.* ¶¶ 21-23. And Defendants confirmed that they had the funds and would pay Galois. *Id.* ¶¶ 17-21.

Money can be the subject of a conversion claim when it is "in the form of an identifiable fund." *Jones v. Bank of Am. Corp.*, No. 4:09-cv-162, 2010 WL 6605789, at *5 (E.D. Va. Aug. 24, 2010) (collecting cases). Where a party receives funds but fails to pay proceeds to another despite an obligation to do so, a claim for conversion will stand. *PGI, Inc. v. Rathe Prods., Inc.*, 576 S.E.2d 438, 443 (Va. 2003) (allowing conversion claim where defendant failed to distribute settlement proceeds to plaintiff). Here, Defendants failed to distribute proceeds from the Air Force to Galois. This is sufficient to state a claim for conversion.

### D. Galois' fraud claim sufficiently alleges that Defendants made false statements without intending to perform those statements.

Defendants move to dismiss Galois' claim for fraud, arguing that (1) the false statements on which Galois relies are "future promises" that cannot serve as a basis for fraud and (2) Galois has not pled fraud with particularity. Mot. at 6-7. Galois has sufficiently pled that Defendants

made "future promises" that they did not intend to keep and has provided enough particularity to allow Defendants to determine which representations form the basis of Galois' fraud claim. Defendants incorrectly state that the plaintiff "must prove, by clear and convincing evidence" its fraud claim. That is not the standard of review at the motion to dismiss stage, at which the court must "accept[] all well-pled facts as true and construe[] these facts in the light most favorable to the plaintiff" to determine whether a complaint contains sufficient factual allegations to state a claim for relief that is "plausible on its face." *Nemet Chevrolet, Inc.*, 591 F.3d at 255.

Galois' fraud claim alleges that Defendants made false statements to Galois that SPG Institute and/or Defendants would pay the amounts it owed to Galois in an effort to keep Galois performing under the agreement and, once the work was complete, to stop Galois from taking steps to collect the amounts due. Compl. ¶¶ 63, 66. Galois' Complaint contains a detailed timeline of all of the times that Defendants told Galois that they or SPG Institute would pay Galois or that payment was on the way. Compl. ¶¶ 21, 34-48.[2]

Turning to Defendants' first argument: Galois has sufficiently pled a claim for fraud because it has alleged and identified that Defendants made multiple statements about forthcoming payments all while intending not to actually perform those promises. Defendants cite *Albanese v. WCI Communities, Inc.*, 530 F. Supp. 2d 752, 770 (E.D. Va. 2007), for the proposition that a plaintiff "cannot base a [fraud] claim on unfulfilled promises or statements about future events." Mot. at 7. But Defendants omit the key sentence that follows: "However,

---

[2] The allegations referenced in Paragraph 63 are all off by a factor of eight due to a numbering error in the Complaint. To the extent the Court determines that the specific allegations in the Complaint are insufficient and the fraud count needs to reference specific paragraphs with the misrepresentations, Galois would request leave to amend its Complaint to correct this typographical error.

when a promisor makes a promise intending not to perform, this promise constitutes a misrepresentation of present fact if the promisor intended that the promisee act to his detriment." *Albanese*, 530 F. Supp 2d at 770. Where a court, taking a plaintiff's allegations as true, "can reasonably infer that [Defendants] made the statement intending not to perform—thus constituting a misrepresentation of present fact," that is a sufficient pleading of fraud. *See Hazaimeh v. U.S. Bank Na'l. Ass'n*, 94 F. Supp. 3d 741, 749-50 (E.D. Va. 2015). Defendants promised Galois that payment would be made "by Friday" or "next week" or that payment was on its way numerous times over a period of four months. Compl. ¶¶ 21, 34-48. Even after all of these statements, SPG Institute and Defendants did not pay Galois, allowing the Court to infer that Defendants made the statements intending not to perform.

Contrary to Defendants' second argument, Galois has pled the fraud claim with particularity because the communication timeline laid out in paragraphs 34 through 48 contains the dates of the misrepresentations, who made the misrepresentations, and often quotes the misrepresentations themselves.[3] "A court should hesitate to dismiss a complaint under Rule 9(b) if the court is satisfied (1) that the defendant has been made aware of the particular circumstances for which she will have to prepare a defense at trial, and (2) that plaintiff has substantial prediscovery evidence of those facts." *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999); *Nahigian v. Juno Loudoun, LLC*, 684 F.Supp.2d 731, 738-39 (E.D. Va. 2010) (fraud claim is pled with sufficient particularity where plaintiff names the entity, but not the specific person making the representation). Here, Galois' Complaint articulates its

---

[3] Defendants are incorrect that misrepresentations made after November 23, 2020 are not relevant to Galois' fraud claim because, as the Complaint alleges, Galois did rely on those misrepresentations in not "taking steps to collect amounts due or otherwise mitigate its losses." Compl. ¶¶ 66.

theory of the fraud—that Defendants "made false statements to Galois that SPG Institute was planning on paying Galois for the amounts owing" "with the intention to mislead Galois into continuing to complete its work under the Agreement and to deter Galois from taking steps to collect amounts due or otherwise mitigate its losses." Compl. ¶¶ 63, 66. And the Complaint also sets forth the exact timeline of those communications. *Id.* ¶¶ 34-48.[4] Further, Defendants are sufficiently on notice of the misrepresentation attributed to Mr. Burns. Mot. at 7 n.3. Although Galois does not know the date of that communication, it has pled with particularity the *content* of the statement that Mr. Burns made to the Air Force, which is the extent of the detail that the Air Force investigator, in turn, relayed to Galois. Compl. ¶ 21. This is sufficient to make Mr. Burns "aware of the particular circumstances" for which Galois is alleging fraud. *Harrison*, 176 F.3d at 784.

For these reasons, Galois' fraud claim should be allowed to proceed.

**E.    Galois alleges that Defendants improperly withheld payments from Galois outside of their positions as officers of SPG Institute, constituting tortious interference between SPG Institute and Galois.**

Defendants argue that Galois' claim for tortious interference should be dismissed because Galois has not pled one of the elements of tortious interference: that Defendants personally withheld amounts owing from SPG Institute, as opposed to acting as officers of SPG Institute or as SP Global. Mot. at 8. However, Galois has alleged that the Defendants "interfered with the contractual relationship by withholding amounts owing from SPG Institute to Galois." Compl. ¶ 59.

---

[4] Defendants argue that the statements made by Mr. Tolley in Paragraph 20 are not pled with particularity, but the statement in paragraph 20 is the same as in Paragraph 47, where it is explained that Mr. Tolley made those same statements in response to Galois' December 15, 2020 email. Compl. ¶¶ 20, 46-47.

The Complaint sets forth numerous allegations that SPG Institute told Galois that "corporate"—SP Global—controlled the payments on behalf of SPG Institute. Compl. ¶¶ 15-22. Mr. Tolley as "President of SP Global, Inc." and Mr. Burns as CEO of SP Global made statements about the impending payments that Galois (and other SPG Institute subcontractors) would receive after funds are moved. Compl. ¶¶ 19-21, 34-48. Even if Mr. Tolley and Mr. Burns were not acting as individuals, but as officers of SP Global, *id.* ¶¶ 4, 6, they are still jointly and severally liable with the corporation for intentional torts. *Airlines Reporting Corp. v. Pishvaian*, 155 F. Supp. 2d 659, 666 & n.15 (E.D. Va. 2001).

Galois' Complaint sufficiently alleges that Defendants interfered with the contractual relationship between Galois and SPG Institute by withholding the amounts owing to Galois under the contract between Galois and SPG Institute.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss should be denied. Alternatively, should any pleading deficiencies be identified, Galois should be granted leave to amend.

Dated: April 15, 2022

Respectfully submitted,

By: /s/ John K. Roche
John K. Roche (VSB# 68594)
Ariel B. Glickman (VSB# 90751)
Perkins Coie LLP
700 13th St. N.W., Suite 800
Washington, D.C. 20005-3960
Telephone: 202-434-1627
Facsimile: 202-654-6211
JRoche@perkinscoie.com
AGlickman@perkinscoie.com

Erick Haynie (*pro hac vice* application forthcoming)
Perkins Coie LLP
1120 NW Couch Street, 10th Floor
Portland, OR 97203
Telephone: (503) 727-2000
EHaynie@perkinscoie.com

Lindsey E. Dunn (*pro hac vice* application pending)
Perkins Coie LLP
1900 16th Street, Suite 1400
Denver, CO 80202
Telephone: (303) 291-2300
LDunn@perkinscoie.com

**Attorneys for Plaintiff Galois, Inc.**

# **CERTIFICATE OF SERVICE**

      I hereby certify that on the 15th day of April, 2022, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

John David Folds
Baker Donelson Bearman Caldwell & Berkowitz PC
901 K St NW, Suite 900
Washington, DC 20001
(202) 508-3441
Fax: (202) 220-2241
Email: dfolds@bakerdonelson.com

**Attorney for Defendants**

By: /s/ John K. Roche
John K. Roche (VSB# 68594)
Perkins Coie LLP
700 13th St. N.W., Suite 800
Washington, D.C. 20005-3960
Telephone: 202-434-1627
Facsimile: 202-654-6211
JRoche@perkinscoie.com